Eastern District of Kentucky
FILED
JUL 0 3 2006
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

CIVIL ACTION NO. 06-CV-132-KSF

MICHAEL RAY SMITH                                                           PLAINTIFF

VS:                    **MEMORANDUM OPINION AND ORDER**

N.C.I.C., ET AL.                                                           DEFENDANTS

The plaintiff, Michael Ray Smith, has filed a *pro se* complaint pursuant to 42 U.S.C. §1983 [Record No. 1]. He has also filed a motion to proceed *in forma pauperis* [Record No. 2], which is addressed in a separate Order. The Court screens civil rights complaints pursuant to 28 U.S.C. §1915A. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

## BACKGROUND

Smith alleges that on June 9, 1995, he was present for a hearing on criminal charges pending against him in Mercer County for assault. During the hearing, a presentence investigation report was tendered that indicated that Smith was convicted of felony burglary in Ohio in 1981 and sentenced to 3 to 20 years in prison. Smith alleges that he was never convicted of any such offense; that this

entry was in error; and that he immediately brought this error to the attention of the court and counsel. This and other conduct that occurred during these proceedings has been the subject of prior litigation in this Court. *Smith v. Dean, et al.*, 96-69, Eastern District of Kentucky. Smith alleges that during that litigation, the defendants asserted that the "N.C.I.C.," a unit of the Federal Bureau of Investigation ("F.B.I."), was responsible for placing the erroneous information in his file.

Smith further alleges that after he accepted a plea agreement resulting in a two-year sentence for assault, upon his arrival at Roederer Correctional Complex to serve his sentence this erroneous information again surfaced in documents used by the D.O.C. to determine his security classification. The D.O.C. used this information to establish a "medium" security level and transferred him to the Kentucky State Penitentiary in Eddyville, Kentucky.

Smith continues that on May 3, 2005, he was before the Boyle Circuit Court on a criminal charge for flagrant non-support, and that the error showing the 1981 Ohio conviction for burglary remained in his presentence investigation report. Smith alleges the circuit court judge ordered the erroneous information removed from his report and his criminal record.

Smith has named as defendants in this action the N.C.I.C., the F.B.I., and the Commonwealth of Kentucky Department of Corrections ("D.O.C.").

## DISCUSSION

A careful review of Smith's complaint compels the conclusion that the conduct about which he complains is the defendants' intentional or negligent placement of the 1981 Ohio burglary conviction in his criminal files at some point on or before his hearing on the assault charge in 1995. These claims are time-barred. Because civil rights claims, whether asserted against state officials under 42 U.S.C. §1983 or against federal officials pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), do not supply their own statute of

2

limitations, federal courts "borrow" the most analogous statute of limitations in the state where the events giving rise to the claim occurred. *Wilson v. Garcia*, 471 U.S. 261, 276-80 (1985). Because the events complained of occurred in Kentucky, Kentucky law supplies the applicable statute. *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996). The applicable statute is the one-year statute of limitations for residual tort claims found in KRS 413.140(1)(a). *Collard v. Kentucky Board of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990); *University of Kentucky Bd. of Trustees v. Hayse*, Ky., 782 S.W.2d 609, 613 (1989). Because all of the defendants' conduct alleged in the complaint occurred on or before 1995-96, the present claims are time-barred and must be dismissed.

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1) Plaintiff's complaint is **DISMISSED WITH PREJUDICE.**

(2) The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. §1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

(3) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondents.

This the 3rd day of July, 2006.

KSF
_____
KARL S. FORESTER, SENIOR JUDGE